**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4443**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ISAAC JACOB DEBERRY,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, Chief District Judge.  (2:07-cr-00165-1)

Submitted:  March 17, 2009          Decided:  April 1, 2009

Before GREGORY, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney,  Monica L. Dillon, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isaac Jacob DeBerry appeals his sentence of 103 months of imprisonment after a guilty plea to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). DeBerry claims that the district court erred in including two instances of uncharged criminal conduct as relevant conduct for sentencing purposes. Finding no error, we affirm.

Appellate courts review a sentence imposed by a district court for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must first ensure that the district court committed no "significant" procedural errors, such as "'failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . .'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597).

If there are no procedural errors in the sentence, the appellate court then considers the substantive reasonableness of the sentence. Gall, 128 S. Ct. at 597. "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from

2

the [g]uidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597). Moreover, the appellate court "must give due deference to the district court's decision that the § 3553(a) factors . . . justify the extent of the variance." Id. at 473-74.

The challenged relevant conduct did not affect DeBerry's sentencing range under the advisory guidelines. DeBerry was sentenced as a career offender. The applicable advisory guidelines range was therefore based upon DeBerry's status as a career offender and the statutory maximum for the crime to which he pleaded guilty. Thus, the inclusion of the challenged incidents as relevant conduct had no effect on his resultant guidelines range or the sentence imposed by the district court.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED